## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

National Products, Inc.    :
Plaintiff        :
          :  **No. 3:19-cv-1322(VLB)**
   v.       :
          :
Scanstrut, Inc. and     :  **March 29, 2021**
Scanstrut, Ltd.      :
   Defendants.    :
          :
          :
          :

### MEMORANDUM ORDER DENYING DEFENDANT'S MOTION FOR A STAY, GRANTING LEAVE TO FILE AN AMENDED ANWSER AND COUNTERCLAIM, AND DENYING MODIFICATION OF THE AMENDED SCHEDULING ORDER, [DKT. 46]

This is a patent infringement action brought by National Products, Inc., the owner of patent 6,585,212 ("the '212 patent"), against Scanstrut, Inc. and Scanstrut, Ltd., who manufacture and distribute electronics mounting devices that allegedly infringe on the '212 patent. [Dkt. 1 (Compl.)].

Before the Court is Defendants' emergency motion to stay the proceeding pending resolution of Defendants' then-anticipated petition for *inter partes* review of the '212 patent by the U.S. Patent and Trademark Office. [Dkt. 46]. In the alternative, the Defendants sought to amend their responsive pleadings to assert affirmative defenses of invalidity and counterclaims for invalidity and unenforceability and to extend the scheduling order by an additional 45 days. [*Id*.]. Plaintiff filed an objection to the Court's consideration of Defendants' motion on an emergency basis because Defendants relied on an upcoming internal deadline to exchange claim construction disclosures, which was established with the

Defendants' prior counsel. [Dkt. 48]. The Court agreed that Plaintiff failed to show good cause for emergency consideration and ordered briefing to proceed in accordance with the applicable local rules and the Federal Rules of Civil Procedure. [Dkt. 49].

After briefing was complete, Defendants filed the anticipated petition for *inter partes* review with the United States Patent and Trademark Office, Patent Trial and Appeal Board ("PTAB"). [Dkt. 55 (Pl. Notice re PTAB No. IPR2020—01542)].

"*Inter partes* review is an administrative process in which a patent challenger may ask the U.S. Patent and Trademark Office to reconsider the validity of earlier granted patent claims." *Thryv, Inc v. Click-To-Call Techs., LP*, 140 S. Ct. 1367, 1370, 206 L. Ed. 2d 554 (2020). By statute, before initiating reexamination of a patent, the Director must determine that "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314(a). "The determination by the Director whether to institute an *inter partes* review under this section shall be final and nonappealable." 35 U.S.C. § 314(b).

On March 16, 2021, the PTAB issued its decision denying Defendants' petition for institution of *inter partes* review on procedural grounds. [Dkt. 70 (Pl. Not. to Court re *Scanstrut, Inc. et al. v. Nat'l Prod., Inc.*, No. IRP 20220-1542 (Mar. 16, 2021)]. The Defendants, as the petitioners before the PTAB, failed to file a translated copy of a Chinese patent asserted as prior art. [*Id.* at 9-10]. Additionally, the majority of the panel also found that the Defendants failed to state their

obviousness claims with particularity. [*Id.* at 10-12]. Of note, one of the administrative patent judges on the PTAB panel dissented and would have initiated *inter partes* review because "Petitioner presents a sufficiently clear and sound obviousness challenge … Petitioner has shown a reasonable likelihood of prevailing with unpatentability for certain claims." [*Id.* at 14] (Melvin, Administrative Patent Judge, dissenting).

Plaintiff filed a copy of the decision on the docket and requested that the Court deny Defendant's motion for a stay as moot. [Dkt. 70]. In response, the Defendants argue that the PTAB's decision declining to institute *inter partes* review does not render Defendants' motion for a stay moot because the Defendants can seek rehearing by the PTAB pursuant to 37 C.F.R. § 42.71(d)(2). [Dkt. 71 (Def. Resp.)]. The Court agrees with the Defendants that the March 16th PTAB ruling on whether to institute *inter partes* review does not moot their motion for a stay.

Pursuant to Section 18(b)(1) of the America Invents Act, a party may seek to stay litigation if a petition to institute an *inter partes* review is pending. Section 18(b)(1) sets out four factors for courts to consider when determining whether to grant a stay:

(A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;

(B) whether discovery is complete and whether a trial date has been set;

(C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and

(D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

3

AIA § 18(b)(1). Pub. L. No. 112-29, §18(b), 125 Stat. 284, 331 (2011).

In light of the PTAB's prior ruling declining to institute *inter partes* review, any potential simplification of the litigation from the PTAB's ruling is too speculative to overcome delay in the litigation. The Court DENIES the Defendant's motion for a stay without prejudice to renewal if the PTAB reverses its decision denying institution of *inter partes* review. *See CDX Diagnostics, Inc. v. U.S. Endoscopy Grp., Inc.*, No. 13-CV-05669 NSR, 2014 WL 2854656, at *3-4 (S.D.N.Y. June 20, 2014)(finding the fact that the PTAB had not yet determined whether to initiate *inter partes* review as weighing against staying litigation).

The Court will proceed with considering Defendants' motion to amend their answer to assert affirmative defenses and counterclaims and its motion for an extension.

## Procedural Background

The Complaint was filed in August 2019. [Dkt. 1]. After answering the Complaint and prior to the COVID-19 pandemic, the Defendants sought an extension of time to file the Rule 26(f) report because more time was needed for the Defendants' counsel to confer with their client's principal, who resided in the United Kingdom. [Dkt. 31 (Def. Mot. for Ext.) at 2-3]. The Court granted the Defendants' motion and the joint 26(f) report was filed in December 2019. [Dkt. 32 (Order granting extension)]; [Dkt. 33 (26(f) report)]. The Court considered the parties' 26(f) report and set deadlines for *Markman* briefing, the completion of

discovery, the filing of dispositive motions, and trial dates. [Dkt. 34 (Scheduling Order)].

About three months after the scheduling order was entered and during the early, uncertain weeks of the COVID-19 pandemic, the Defendants sought a 90 day extension of all deadlines set forth in the scheduling order because the Defendants had retained new counsel who needed to familiarize themselves with the matter and anticipated operational challenges attendant to the pandemic. [Dkt. 40 (Defs. Second. Mot. for Ext.)]. The Plaintiff consented to a 45-day extension of near-term deadlines but objected to extension of later deadlines. [Dkt. 41 (Pl. Resp.)]. The Court agreed that "Defendants' choice to change counsel does not constitute good cause for an extension … however, that exigent circumstances caused by the COVID-19 pandemic constitute good cause for modification of the scheduling order." [Dkt. 42]. An amended scheduling order was issued the same day. [Dkt. 43 (Am. Scheduling Order)].

Thereafter, Defendants' filed the instant motion for a stay pending *inter partes* review by the PTAB and, in the alternative, leave to amend its answer to assert affirmative defenses and a counterclaim and for modification of the scheduling order.

## Legal Standard for Amending Pleadings

Fed. R. Civ. P. 13 states that "[a] pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter

of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." However, as the Committee Notes on the 2009 amendment states, "[a]n amendment to add a counterclaim will be governed by Rule 15."

Under Rule 15(a), "[t]he court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend, though liberally granted, may properly be denied for: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Mere delay, ... absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)). "Amendment may be prejudicial when, among other things, it would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." *AEP Energy Servs. Gas Holding Co. v. Bank of Am. N.A.*, 626 F.3d 699, 725-26 (2d Cir. 2010) (internal quotation marks and citation omitted). "[T]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983) (citing *Advocat v. Nexus Indus.*, Inc., 497 F.Supp. 328, 331 (D. Del. 1980)).

"[D]espite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause" per Federal Rule of Civil Procedure 16(b). *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (affirming denial of motion to amend where plaintiff had information sufficient to bring claim before discovery and filed motion to amend with motion for summary judgment). Per Rule 16(b), a court's scheduling order, which "must limit the time to join other parties [and] amend the pleadings," "may only be modified for good cause." Fed. R. Civ. P. 16(b). This "requirement ensur[es] [that] 'at some point both the parties and the pleadings will be fixed.' " *Parker*, 204 F.3d at 340 (quoting Fed. R. Civ. P. 16(b); Fed. R. Civ. P. 16 advisory committee's note (1983 amendment, discussion of subsection (b)); D. Conn. L. Rule 7(b)).

The discovery process is largely controlled by the parties, absent a need for judicial intervention. *See* 6 Moore's Federal Practice - Civil § 26.06 (2020). All attorneys and parties who appear before the Court are expected to proceed with litigation in a manner that secures the "just, speedy, and inexpensive determination of every action and proceeding." *See* Fed R. Civ. P. 1. Thus, the Court adopts reasonable deadlines proposed in the joint Rule 26(f) report and expects parties to conform to the deadlines they agreed upon and those set by the Federal Rules of Civil Procedure and the Local Rules, regardless of whether all potentially applicable deadlines are expressly stated in the scheduling order. *See, e.g. Stein v. Needle,* No. 3:19-CV-01634 (VLB), 2020 WL 4043047, at *1 (D. Conn. July 17, 2020)(amended pleading deadline was date parties' agreed to in their 26(f) report);

7

*Echevarria v. Utitec, Inc.*, No. 3:15-CV-1840 (VLB), 2017 WL 1042060, at *1 (D. Conn. Mar. 17, 2017)(same).

<u>Analysis</u>

Because Defendants filed the motion to amend their answers to add affirmative defenses and a counterclaim after the deadline set in the operative Rule 26(f) report passed, the Court must first determine whether good cause exists to excuse Plaintiff's delay. The Plaintiff opposes the amendments on the basis that the Defendants cannot demonstrate good cause for the delay and that Plaintiff would be prejudiced by the amendments. [Dkt. 50 (Pl. Mem. in Opp'n) at 25-32].

"A finding of 'good cause' depends on the diligence of the moving party." *Parker*, 204 F.3d at 340, cited by *DiGennaro v. Whitehair*, 467 F. App'x 42, 44 (2d Cir. 2012) (Summary Order) (affirming denial of motion to amend). "Diligence" has been interpreted by courts as meaning that, "despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Rent-A–Center Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003).

Plaintiff argues that the parties expressly discussed and reached an agreement on an amended pleading deadline and a deadline to serve invalidity contentions, which is reflected in their joint Rule 26(f) report. [Pl. Mem. in Opp'n at 20]; citing [Dkt. 33 (26(f) Report), Ex. A].

Defendants argue that they discovered the prior art that serves as the factual basis for amendments after the parties' deadlines for asserting invalidity contentions and amended pleadings passed. [Dkt. 52 (Def. Repl. Br.) at 2-4]. In

opposition, Plaintiff asserts that Defendants fail to show that prior art could not have been discovered earlier because the information was obtainable from a computer search which could be conducted anywhere, regardless of pandemic conditions. [Pl. Mem. in Opp'n at 20].

The Defendants contend that "[p]rior art searches routinely take significant time, but the search in this case did even more so because of the scope of prior art that has already been considered in relation to the '212 patent. The '212 patent has admittedly been litigated in other proceedings, including in an IPR proceeding." [Def. Repl. Br. at 2-3]. Thus, Defendants had to undertake additional efforts to identify prior art that has not been previously asserted as an invalidity claim. [*Id*. at 3]. A review of Defendants' petition for *inter partes* review shows that Defendants identified both U.S. and Chinese patents; the latter is a non-English language document. *See, e.g.* [Dkt. 55 (IPR Petition), Ex. 1005].

Whether Plaintiff can establish good cause for moving to amend the Complaint after the passage of the deadline to amend pleadings and to serve invalidity contentions is a close call. A party's choice to change counsel or change its legal strategy does not constitute good cause for a late amendment. *Brit. Telecommunications PLC v. IAC/InterActiveCorp*, No. CV 18-366-WCB, 2020 WL 3047989, at *3 (D. Del. June 8, 2020). This is particularly true when the Court has already set a deadline and a party, and its prospective counsel are aware of the time limitations. Changing counsel with the knowledge that it could not meet an existing deadline requires a showing of good cause why the party needed to change counsel.

The purpose of "Rule 16(b), in allowing modifications of scheduling orders only for good cause, provides the district courts discretion to ensure that limits on time to amend pleadings do not result in prejudice or hardship to either side." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243–44 (2d Cir.2007). Plaintiff's claim of hardship is thin. The operative scheduling order closes discovery over a year after Defendants filed their motion to amend their responsive pleadings. [Dkt. 43 (Am. Scheduling Order)]. The proposed amendments were filed about three months after the pleading deadlines proposed in the parties' 26(f) report. The Court has not issued any substantive rulings on any claim or defense and thus the Defendants are not seeking to litigate the case with the benefit of hindsight from the Court's rulings. The motion was filed before *Markman* briefing and dispositive motions were due. [*Id.*]. Additionally, Defendants have not previously sought to amend their responsive pleadings. Defendants are not seeking to join additional parties.

This case is distinguishable from *Wiremold Co. v. Thomas & Betts Corp.*, 16-cv-2133 (VLB), ECF No. 108 (D. Conn. June 6, 2019). In *Wiremold*, this Court denied leave to amend the complaint to assert a claim for indirect infringement, which would have required the potential joinder of additional parties and plaintiff previously amended its complaint. *Wiremold Co v. Thomas & Betts Corp.*, 16-cv-2133 (VLB), ECF No. 114, at *2 (D. Conn. June 6, 2019)(explaining on reconsideration that "[t]he Court's expressed reason for denying Wiremold's Motion to Amend was the possibility that granting that motion to assert an indirect infringement claim could require the joinder of new parties and open a discovery

pandora's box leading to an excessive number of new depositions, numerous motions for extension of time to complete discovery, and ultimately delay in trying this case.").

Turning now to the issue of prejudice, "[i]n determining what constitutes "prejudice," we consider whether the assertion of the new claim would: (i) require the opponent to expend *significant* additional resources to conduct discovery and prepare for trial; (ii) *significantly* delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block*, 988 F.2d at 350 (emphasis added).

Granting leave to amend will likely expand the scope of discovery, particularly expert discovery. Expert discovery typically occurs after the factual record is developed so the impact of the amendment is minimal. Moreover, Plaintiff has already responded to Defendants' validity arguments before the PTAB, which would occur regardless of the Court's ruling.

The Plaintiff does not raise any arguments as to the futility of the amendment. In the interest of resolving the case on the merits and given the early stage of the proceeding at the time the motion was filed, the Court will resolve the due diligence issue in favor of the Defendants. The Court also agrees with the Defendants that judicial efficiency is advanced by litigating the validity of the '212 patent as to preclude unnecessary future litigation if the patent is invalid. The movant has shown that Plaintiff will not face significant prejudice from the

proposed amendments nor will the case be significantly delayed. Therefore, the Court GRANTS Plaintiff's motion for leave to amend the responsive pleadings.

<u>Motion for an Extension of Time</u>

The Defendants also seek a 45-day extension of time for the deadlines for the *Markman* briefing. [Def. Mem. in Supp. at 20]. Defendants argue that they are diligently proceeding with this litigation, but their efforts remain inhibited by the global pandemic. [*Id.* at 21]. In opposition, Plaintiff argues that Defendant's blanket reliance on pandemic conditions is unfounded because Defendants' counsel can work remotely and its law firm's website markets itself as conducting "business as usual." [Pl. Mem in Opp'n at 21-23]. The reality is somewhere in between. The parties are located in three jurisdictions, thousands of miles apart, that are subject to different restrictions imposed on national, state, and local levels.  *See* [Compl. ¶¶ 1, 3-4]. The legal profession and courts demonstrated remarkable resiliency by operating remotely throughout the pandemic, but "business as usual" is an overstatement as the ability to conduct in-person proceedings remains limited at present.

Defendants' motion is moot insofar as it seeks to extend the deadline for *Markman* briefing as the briefing is complete. Defendants' did not seek an extension of the discovery deadline. Discovery is not set to close until August 2, 2021. [Dkt. 43 (Am. Scheduling Order)]. Even given the Court's ruling on Defendants' motion to amend, it is not a forgone conclusion that discovery cannot be completed by August 2, 2021. The Court referred the case to Magistrate Judge

Thomas O. Farrish for all discovery purposes to help ensure that discovery remains on track.

Moving forward, given the current state of the pandemic and the availability of vaccinations, the Court will be disinclined to grant further extensions on the blanket assertion that the pandemic is inhibiting a party's efforts to comply with existing litigation deadlines. Conversely, the Court will grant reasonable extensions if they comply with Local Rule 7(b). The good cause standard set forth in Local Rule 7(b) requires counsel to show why, in the exercise of due diligence, counsel was not able to meet the presumptively reasonable deadline established by the Federal Rules of Civil Procedure.

## Conclusion

For the above stated reasons, the Court DENIES Defendants' motion for a stay pending *inter partes* review without prejudice to renew if the PTAB reverses its decision. The Court GRANTS Defendants' motion to amend their answers to assert affirmative defenses and to include a counterclaim for invalidity. Defendants shall file a copy of their proposed amended pleadings docketed at [47] on the docket without the redlined proposed changes under the heading Amended Answers and Counterclaim. The Court finds Defendants' request for an extension moot.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: March 29, 2021

13